### JUAN JOSE GONZALES, APPELLANT, *v.* THE UNITED STATES.

Where a grant of land in California describes it by name and boundaries, and then states that the land of which donation is made is one league in length and three-quarters of a league in breadth, a little more or less, as shown by the map which goes with the expediente, with the usual reservations of the sobrante or overplus to the use of the nation, the grant will be confirmed to the extent of one league in length and three-quarters of a league in breadth, without extending it to the boundaries mentioned.

THIS was an appeal from the District Court of the United States for the northern district of California.

All the title papers are set forth in the opinion of the court.

It was argued by *Mr. Hepburn,* upon a brief filed by himself and *Mr. Volney E. Howard,* for the appellant, and by *Mr. Stanton* for the United States.

The counsel for the appellant said this claim will be found, on examination, to be one of the most meritorious that has ever been presented for confirmation.

The Government has never opposed it; yet, under the present decision, the claimant gains but little benefit from his title.

The land commissioners, in their opinion, say that it is a grant by metes and bounds, and that, consequently, no *sobrante* can result; but, in their decree, they limit the extent of the land from east to west to three-quarters of a league, a little more or less.

The District Court affirmed the decision of the commissioners.

The claimant contends that the land should be confirmed to the boundaries mentioned in the decree of concession, making him, in the language of the decree of concession, "the owner of the land known by the name of San Antonio, or El Pescadero, bounded by the rancho of Antonio Buelna, the sierra, the coast, and the Arroyo del Butano," without limitation as to quantity, there being none in the decree of concession.

The quantity of land mentioned in the grant was erroneously inserted, through a clerical error, as we will show hereafter.

But, even admitting that it was inserted correctly, it is insisted by the claimant that the quantity should be disregarded where all the boundaries are given in a grant, as in this case.

The naming of a quantity of land in a grant, and reservation of the surplus to the nation, does not prevent the title from passing to the grantee, if all the boundaries are given. A clause in the grant, naming quantity and reserving surplus, in such a case, is an unmeaning formula. The utmost effect that could be given to the clause would be to reserve the right to the Government, on proper proceedings, to divest the title as to the surplus; but, in the mean time, the title to the whole land is vested in the grantee.

This land is not claimed by any adverse claimant. The Government never interfered with Gonzales in any way.

It will be seen, by the testimony of Manuel Jimeno, that Gonzales had occupied the land from 1833. If the Government had the right to resume the ownership of the surplus, its non-action for so long a period raises a presumption of a relinquishment of the right.

The quantity named in the grant is a clerical error. It was taken from the marginal note on the map, written by some illiterate person, and which the court will perceive, by inspection of the traced copy in the record, is such as would readily mislead.

It describes the land as one league from north to south. We cannot make out the word which professes to give the distance from east to west.

The map was made as part of the petition of Gonzales to Figueroa for the land, and it was presented to Figueroa with the petition. Gonzales, in that petition, refers to the map, and says that the ranch delineated on it includes "*a square of about four leagues,* extending from the coast to the sierra, and from the rancho of San Gregorio (rancho occupied by the citizen Antonio Buelna) to the rancho Punta de Año Nuevo," and asks for the whole tract, without any limitation of quantity.

It may be remarked here that Gonzales states, in his petition to Figueroa, that he had a family of thirteen persons, and the grant recites that it is for his benefit and that of his family. He also states that he had five hundred head of cattle.

The rancho is pasture land. Four leagues was little enough to provide for Gonzales's family and the increase of his stock.

There can be no doubt the Governor would have granted him that quantity, or much more, if he had asked for quantity. The land had been abandoned by the mission of Santa Cruz, and it was a benefit to the country to have it occupied.

Witnesses were examined, by order of Figueroa, before he made the decree of concession. Salvio Pacheco says the rancho is one league to a league and a half from east to west. Manuel Larios says that it is two leagues from the beach to the hills.

We may presume that the marginal note had not then been

written on the map, or, if written, it was not properly read by the clerk who made out the grant.

The decree of concession evidently intended to invest Gonzales with the title to the whole tract, and it calls upon the interested party again to "present his title, that it may be revalidated."

If the party is to get only the quantity named in the grant, he will be deprived by it, practically, of the greater part of his property.

The decree of concession gave him the whole tract. Does the grant, which was made by virtue of the decree, and in order to "revalidate" it, take away the greater portion of the land given by the decree?

The grant refers to the map, to ascertain the land, and the map exhibits the natural objects which are its boundaries.

"When a deed of land describes the subject matter by monuments clearly defined, such as a river, a spring, a mountain, a marked tree, or other natural object, and courses, distances, and quantity, are likewise inserted, which disagree with the monuments, the description by monuments shall, in general, prevail; for it is more likely that a party purchasing or selling land should make mistakes in respect to course, distance, and quantity, than in respect to natural objects, which latter, from being mentioned in the deed, are presumed to have been examined at the time.

"The monuments which shall control course, distance, etc., under such circumstances, may be any objects which are visible and clearly ascertained, as lands of other individuals or their corners."

> 4 Phillips on Evidence, Cowen and Hill's notes, page 548, and authorities there cited.

It is evident that the land commissioners thought that the extent of the land from east to west, as delineated on the map, was no more than three-quarters of a league, otherwise they would have confirmed the claim to a greater extent.

They have followed the phraseology of the grant, and added the words, "a little more or less," to the designation of quantity, and perhaps these words give the claimant the whole

*Gonzales* v. *United States.*

land; but as they would not enlarge the tract beyond three-quarters of a league, under the present ruling of those having charge of the making of surveys and the issuance of patents, a decision of this court is asked, to establish the rights of the claimant as to the extent of land to be confirmed to him.

Mr. Justice McLEAN delivered the opinion of the court.

This is an appeal from the District Court of the United States for the northern district of California.

[Translation of Title.]

Provisionally authorized by the Administration of the Maritime Custom-House of Monterey, for the years 1832 and 1833.

Jose Figueroa, General of Brigade of the National Armies of Mexico, Commander General, Inspector, and Superior Political Chief of Upper California.

Whereas Juan Jose Gonzales, a Mexican by birth, has, for his own personal benefit and that of his family, petitioned for the land known by the name of San Antonio, or El Pescadero, bounded by the rancho Antonia Buelnos Sierra, the coast, and the Arroyo of Buntano, the proper measures and examinations being previously made, as required by laws and regulations, using the powers which are conferred on me in decree of the seventh of this month, in the name of the Mexican nation, I have granted him the aforesaid land, declaring to him the ownership of it by these presents—said grant being understood to be in entire conformity with the provisions of the laws, subject to the approval or disapproval of the most excellent territorial deputation and of the supreme Government, under the following conditions:

1. That he will submit to those which may be established by the regulation which is to be made for the distribution of vacant lands; and, in the mean time, neither the grantee nor his heirs can divide or alienate that which is granted to them, subject to any tax, entail, pledge, mortgage, or other encumbrance, even for pious purposes, nor convey it in mortmain.

2. He may enclose it, without prejudice to the crossings, roads, and servitudes; he will enjoy it freely and exclusively,

making such use or cultivation of it as may best suit; but within one year, at furthest, he shall build a house, and it shall be inhabited.

3. When the ownership is confirmed to him, he will request the proper magistrate to give him juridical possession in virtue of this title, by whom the boundaries will be marked out—in which, besides the bounds, he will place some fruit or forest trees, of a useful character.

4. The land of which donation is made him is one league in length by three-quarters of a league in breadth, a little more or less, as shown by the map which goes in the expediente; the magistrate who may give the possession will cause it to be in conformity with the ordinance, in order to mark out the boundaries, leaving the surplus which may result to the nation, for its convenient uses.

5. If he contravene these conditions, he will lose his right to the land, and it will be subject to denouncement by another person.

In consequence I order, that the present serving him for a title, and being held as firm and valid, note be made of it in the corresponding book, and it be delivered to the person interested.

Given in Monterey, on the 24th December, 1833.

JOSE FIGUEROA.

(Signed) AGUSTIN V. ZAMORANO, *Sec'y.*

### OFFICE OF THE SURVEYOR GENERAL OF THE UNITED STATES FOR CALIFORNIA.

Samuel D. King, surveyor general, &c., and as such now having in my office and under my custody a portion of the archives of the former Spanish and Mexican Territory or Department of Upper California, do hereby certify that the fifteen preceding and hereunto annexed pages of tracing paper, numbered from one to ——, inclusive, and each of which is verified by my initials, (S. D. K.,) exhibit true and accurate copies of certain documents on file and forming part of the said archives in this office.

In testimony whereof, &c.

*Gonzales v. United States.*

[Translation of Expediente.]

Provisionally authorized by the maritime custom-house of Monterey, for the years one thousand eight hundred and thirty-three and 1834.

(Signed)      FIGUEROA.

(Signed)      JOSE RAFAEL GONZALES.

*To his Excellency the Commanding General:*

I, citizen Juan Jose Gonzales, native of the mission of Santa Cruz, resident of the town of Branciforte, residing and employed in said mission of Santa Cruz, and mayor domo of the same; married, with a family of thirteen persons; having served the nation eight years and two months as a soldier, and having obtained my discharge from his excellency the commanding general Don Manuel Victoria, with the condition of furnishing a recruit, which I did at my own expense; and finding myself with 500 head of large cattle, and having no land or place to settle on; tired of the trouble of being together in the same village where I have been, and am unable to progress, on account of the same; living where I have rated a great loss in the stock which I have placed twelve years ago; and being now actually favored by the same mission of Santa Cruz, where my deceased father sacrificed himself for twenty years, and where I served in his place, the salaries of this post rent in the same mission, (Friar Antonio Real,) satisfied with my services and those of my deceased father, has wished to favor me, by assigning to me the rancho of San Antonio, formerly El Pescadero Realengo, which is not occupied by said mission, is distant twelve leagues to the northwest, bounded by the rancho of San Gregoria, which place —— delineated on the accompanying paper, including a square of about four leagues, extending from the coast to the sierra, and from the rancho of San Gregoria (rancho occupied by citizen Antonio Buelna) to the rancho of La Punta de Nuevo, which is the further occupied by the mission, and desiring a security or guaranty in the same place, I apply, with the consent of the minister, to your excellency, with the due respect, praying that you will be pleased to give me in possession the aforesaid place, in consideration of my family, and which will

confer favor and grace on your most attached subject and servant, who wishes you many years of life, &c.

JUAN GONZALES.

SANTA CRUZ, *November* 26, 1833.

MONTEREY, *November* 29, 1833.

In conformity with the laws on the matter, let the ayunta-miento of the town of Branciforte report whether the person interested in this petition possesses the requisites to the ―― attended to in his petition; whether the land he asked is in-cluded in the 20 leagues from the boundary, or 10 from the sea shore, referred to in the law of August, 1824; if it is irrigable, dependent on the seasons or pasture of land; if it belongs to the ownership of any private individual, corpora-tion of pueblo, with everything else which may be proper to explain the matter.

This being concluded, it will pass this expediente to the reverend father minister of the mission of Santa Cruz, that he may report what he knows on the matter. Senor Don Jose Figueroa, general of brigade and commandant, inspector gen-eral, and superior political chief of the territory, thus ordered, decreed, and signed; to which I certify. FIGUEROA.

AGUSTIN V. ZAMORANO, *Sec'y.*

In compliance with your excellency's ―― to this ayunta-miento, under your command in the decree of November 29th, 1833, to report whether the person interested in this petition possesses the requisites to be attended to in his request, and if the land he asks for be included in those referred to in the law.

The land asked for by the person interested in this petition may now be granted to him, for he has all the circumstances required to be attended to, and is entitled to it.

It is an unoccupied place; has no irrigable lands; has land dependent on the seasons; has been recognised as the prop-erty of the missson of Santa Cruz; and for the purposes it may serve, I sign this with the second regidor, on account of the absence ――, in the town hall of the town of Branciforte, on the 2d December, 1833.

(Signed) ANTONIO ROBLES.
(Signed) JOSE MARIA SALASON.

I agree to there being granted the petitioner, Juan Jose Gonzales, the place he asks for, as it is a place which this mission does not at present occupy; nor is it deemed necessary for it, in consideration of the fact that it has land enough for its cattle, and that, being unoccupied, it is considered public land: besides, when the mission occupied it——had abundance of cattle, —— have died and diminished, and the few that remain do not need the land. He is a person of merit, and the mission ought to place him before any other person. He has all the requisites, and is entitled to it; and —— testimony I sign, on the 7th December, 1833.

> Friar ANTONIO SURRA DEL REAL,
> *Minister of Santa Cruz.*

MONTEREY, *December* 10, 1833.

Let it pass to the alcalde of this capital, before whom the party will produce, on information of three fit witnesses, who will be questioned upon the following points:

1. If the petitioner is a Mexican by birth; if he has served in the army; if he is married, and has children; if he is of good conduct.

2. If the land he asks for is of the ownership of any individual, or corporation or pueblo; if it is irrigable, dependent on the seasons, or pasture land, and what is its extension.

3. If he has cattle with which to stock it, or the possibility of acquiring them.

This examination being made, let him return the expediente for its decision. His excellency the political chief, commanding general, inspector and general of brigade, Don Jose Figueroa, thus ordered, decreed, and signed it, to which I certify.

(Signed) JOSE FIGUEROA.
(Signed) AUGUSTUS V. ZAMERANO.

Let the party interested in this expediente be notified to present the witnesses who are to be examined on the points included in the superior decree of the 10th instant which precedes this.

Thus I, the alcalde, decreed, ordered, and signed it, with the assisting witnesses, in the established form.

MARCELINO ESCOBAR.

Assisting witnesses:
 (Signed) JOSE MARIA MALDORADO.
 (Signed) JOSE ANTONIO ROMERO.

On the same day, present Juan Jose Gonzales, the foregoing act was made known to him, and having understood it, he said that he heard it, and that he presents citizens Salvio Pacheco, Manuel Larios, and Felipe Hernandez, and he signed it with me and the assisting witnesses.

 (Signed)      N. ESCOBAR.
 (Signed).      JUAN GONZALES.

Assisting witnesses:
 (Signed) JOSE MARIA MALDORADO.
 (Signed) JOSE ANTONIO ROMERO.

In the port of Monterey, on the 13th day of the month of December, one thousand eight hundred and thirty-three, present, Salvio Pacheco, witness presented on the part of the persons interested, oath was received in form of law.

The petitioner is a Mexican by birth; was in the army; has thirteen children. The land petitioned for has no private ownership; understood it belongs to the mission of Santa Cruz; that its extent is from a league to a league and a half from east and from north to south; he does not know how much of it is, as it is a canon which reaches to the rancho of citizen Antonio Buelna. He has two hundred head of cattle, a drove of mares and tame horses, &c.

Manuel Larios, a witness, says he is a Mexican; was in the army; is married; has children; knows that the land petitioned for pertains to the mission of Santa Cruz; that the said place is dependent on the seasons; that the land is about a league or more wide, and two from the beach to the hills.

A witness, Felipe Hernandez, repeats the same facts as stated by the prior witness.

MONTEREY, *December* 3, 1833.

The official acts ordered in the foregoing superior being fin-

ished, let the expediente be returned to the superior political chief for the superior decision.　　　　　　　N. Escobar.

MONTEREY, *December* 17, 1833.

Having seen the petition with this expediente, commences the report of the municipal authority of the town of Branciforte, that' of the Rev. father minister of Santa Cruz, the declarations of the witnesses, together with all other things which were presented and deemed proper to be seen, in conformity with the provisions of the laws and regulations on the matter, Juan Jose Gonzales is declared owner in fee of the land known by the name of San Antonio, (or El Pescadero,) bounded by the rancho of Antonio Buelna, the sierra, the coast, the Arroyo del Bratano, subject to the conditions which may be stipulated. Let the corresponding patent issue, let note be made in the proper book, and let this expediente be directed for the approbation of the most excellent territorial, in which case the person interested, who will be made to know this decree, will again present his title, that it may be revalidated.　　　　　　　Jose Figueroa.

The committee on colonization and vacant lands, to whom was referred the expediente, the formation of which was caused by the petition of citizen Juan Jose Gonzales for the place named San Antonio, or El Pescadero, having examined it with the corresponding circumspection, taking into consideration at the same time the law of August 18th, 1824, those agreeing with it, and the general directions which, on the 24th November, 1828, the supreme Government of the Union gave for the better fulfilment of the first; from the examination of the expediente, the committee has become impressed with the opinion which it before held of the scrupulousness and tact with which his excellency the political chief ordered it'to be made, so that neither in its formation, nor in the steps taken, in any essential requisite wanting; wherefore the committee concludes by offering to the deliberation of this most excellent deputation the following proposition :

1. Approved the grant made to citizen Juan Jose Gonzales of the place named San Antonio El Pescadero, on the 24th

December, 1833, in entire conformity with the provisions of the law of August 18th, 1824, and article 5th of the regulation of November, 1828.

MONTEREY, *May* 10, 1834.

(Signed)            CARLOS ANTONIO CARRILLO.
(Signed)            JOSE CASTRO.
(Signed)            JOSE T. ORTEGA.
(Signed)            JOSE A. ESTUDILLO.

MONTEREY, *May* 17, 1834.

In sessions of this day, the proposition of the foregoing report was approved by the most excellent deputation ordering that the expediente be returned to his excellency the superior political chief, for the convenient purposes.

(Signed)            JOSE FIGUEROA.
JUAN B. ALVARADO, *Secretary.*      GEORGE FISHER, *Secretary.*

*Opinion of the Board by Com'r R. Aug Thompson.*

For the place called San Antonio, or El Pescadero.—Claim of for one square league of land in the county of Santa Cruz.

This claim is founded on a grant made by Governor Figueroa, on 24th December, 1833, to the present claimant, which was duly approved by the territorial deputation on the 17th day of May following. The grant describes the land as that known by the name of San Antonio, or El Pescadero, bounded by the rancho of Antonio Buelna, the sierra, the coast, and the Arroyo de Butano. The fourth condition states that the land of which donation is made is one league in length and three-quarters of a league in breadth, a little more or less, as shown by the map which goes with the expediente, with the usual reservations of the sobrante or overplus to the use of the nation. The boundaries are distinctly marked out on the map; and although there is no scale on the map, by which the extent of the boundaries can be ascertained, yet there is a note made upon it, stating that they extend one league from north to south, and three-quarters of a league from east to west. This description, taken in connection with that contained in the grant, shows very clearly that it is a grant by metes and bounds, and that consequently no sobrante can result.

The original grant is in evidence, and the genuineness of the signatures of the Governor and Secretary appearing thereon are duly proved by the deposition of David Spence. Manuel Jimeno proves that the claimant has occupied the land since 1833; that he had a house, horses, and sowings on it, and he still lives on it.

Entertaining no doubt, from the facts of the case, that the grant is a valid one to the extent of one league in length, and three-quarters of a league in breadth, it is hereby confirmed to that extent; the three-fourths of a league to be surveyed within the out-boundary represented on the diseno.

Mr. Justice CAMPBELL delivered a separate opinion, in which Mr. Justice NELSON concurred.

The plaintiff was confirmed in his claim to a parcel of land designated as San Antonio, or El Pescadero, in the county of Santa Cruz, by the board of commissioners. The description of the land in their decree is as follows:

'Being the same which has been held and occupied by the present claimant since-the year 1833 to the present time, and is bounded as follows: Beginning at the mouth of the Arroyo de Butano, and running along the sea coast, and bordering thereon, to the boundary line of Antonio Buelna, the distance being one league, a little more-or less; thence with the line of said Buelna east three-quarters of a league; thence a line southerly parallel with the sea coast until it intersects the Arroyo del Butano, at the distance of three-quarters of a league from the coast; thence along said arroyo and bordering thereon to its mouth, the place of beginning; the same being in extent three-fourths of a square league, a little more or less. For a more particular description, reference being had to the original grant and map contained in the expediente from the archives now in the custody of the United States surveyor general for California, the first of which and a traced copy of the latter are filed in the case."

The parties appealed to the District Court, and, upon the hearing of the cause, the decree of the commissioners was affirmed, and it was further ordered, that the claim of the

said Juan Jose Gonzales is a good and valid claim to the land known by the name of San Antonio, or Pescadero, to the extent and within the boundaries mentioned in the grant and map, the original of the former and copy of the latter being on file in the records of this case. From this decree the plaintiff appealed. The only question presented on the appeal is, whether the grant is to be located according to the natura calls in the grant, or whether the claimant is to be confined to the quantity specified in the 4th condition of the grant. But the decision of this question is reserved in the decree of the District Court, and will properly arise after the location. The failure to direct the precise manner of the location is not erroneous. The result therefore is, that the decree must be affirmed.